JS 44C/SDNY
REV. 4/2012

# CIVIL COVER SHEET

14 CV 8029

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ORANE NELSON | THE CITY OF NEW YORK, DET. BRIAN KENNEDY (267-44 DETECTIVE SQUAD), P.O. MICHAEL ACKERMANN (SHIELD #1979), ET AL. |

JUDGE SULLIVAN

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Reese Richman LLP<br>875 Avenue of Americas, 18th Floor, New York, NY 10001<br>(212) 643-0500 | Corporation Counsel of the City of New York, 100 Church Street, New York, NY 10007 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Civil Rights Violations, including False Arrest among other violations of 42 U.S.C. 1983

Has this or a similar case been previously filed in SDNY at any time? No ☐ Yes ☒  Judge Previously Assigned _____

If yes, was this case Vol. ☐ Invol. ☐  Dismissed. No ☐ Yes ☐  If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No ☒   Yes ☐

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

Nature of Suit: [x] 440 OTHER CIVIL RIGHTS (Non-Prisoner)

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $ 2,000,000   OTHER _____   JUDGE _____   DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | 2 Removed from State Court<br>☐ a. all parties represented<br>☐ b. At least one party is pro se. | 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment | |

| (PLACE AN x IN ONE BOX ONLY) | | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441) |
|---|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | 1 | 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | 3 | 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | 5 | 5 |
| CITIZEN OF ANOTHER STATE | 2 | 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | 4 | 4 | FOREIGN NATION | 6 | 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Orane Nelson, 54 Evelyn Place, Apt. 1L, Bronx, New York 10468

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

City of New York, 100 Church Street, New York, NY 10007
Det. Brian Kennedy (267-44 Detective Squad), Bronx Narcotics Division, 1 Police Plaza, New York, NY 10038
P.O. Michael Ackermann (Shield #1979), Bronx Narcotics Division, 1 Police Plaza, New York, NY 10038
P.O. Vincent Trozzi (44th Precinct), Bronx Narcotics Division, 1 Police Plaza, New York, NY 10038

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:  ☐ WHITE PLAINS   ☒ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE: 10-6-14
SIGNATURE OF ATTORNEY OF RECORD: /s/
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
NO
YES (DATE ADMITTED Mo. 1  Yr. 2005)
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ MAAS _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Kim E. Richman
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*



14 CV 8029

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
ORANE NELSON

                Plaintiff,

      -against-

THE CITY OF NEW YORK, DET. BRIAN
KENNEDY (267-44 Detective Squad), P.O.
MICHAEL ACKERMANN (Shield #1979),
P.O. VINCENT TROZZI (44th Precinct), and
P.O.s JOHN DOE #1-5, Individually and in their
Official Capacities (the name "John Doe" being
fictitious, as the true names are presently
unknown),

                Defendants.
-------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

Plaintiff Orane Nelson ("Plaintiff"), by his attorney, Kim E. Richman, complaining of the above-referenced defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff Orane Nelson ("Plaintiff") brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for the wrongful acts of defendants THE CITY OF NEW YORK ("CITY"), DETECTIVE BRIAN KENNEDY (267-44 Detective Squad), P.O. MICHAEL ACKERMANN (Shield

1

#1979), P.O. VINCENT TROZZI (NYPD 44th Precinct), and POLICE OFFICERS JOHN DOE #1-5 (collectively "Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2. This action seeks redress for violation of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiff invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff Orane Nelson was a resident of Bronx County, located in the Southern District of New York.

7. Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs, and controls the New York City Police Department ("NYPD"), which employs Defendants DET. BRIAN KENNEDY (267-44 Detective Squad), P.O. MICHAEL ACKERMANN (Shield #1979), P.O. VINCENT TROZZI (NYPD 44th Precinct) and P.O.s JOHN DOE #1-5.

8. At all times relevant to this action, Defendants DET. BRIAN KENNEDY, P.O. MICHAEL ACKERMANN, P.O. VINCENT TROZZI and P.O.s JOHN DOE #1-5 were police officers employed by the NYPD and acting under color of state law.

9. Defendants P.O.s JOHN DOE #1-5 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other individual Defendants.

10. Defendant CITY were responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11. At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

12. On or about March 24, 2012, Plaintiff was lawfully present at or near the intersection of 161st street and Grand Concourse.

13. Just prior to being at that location, Plaintiff had been at a birthday celebration, and was walking home with friends.

14. Plaintiff and friends were walking at or near the intersection of 161st street and Grand Concourse when Defendant Police Officers, including Defendants Det. Kennedy, P.O. Ackermann, and P.O. Trozzi, stopped Plaintiff and group of approximately twenty (20) people.

15. Defendant Police Officers were responding to a 911 call. The 911 caller ("Complaining Witness") claimed that he had been robbed of his chain necklace and ring.

16. When Defendant Police Officers picked up Complaining Witness at or near the intersection of 153rd Street and Grand Concourse, Complaining Witness was noticeably intoxicated.

17. Complaining Witness had been drinking alcohol earlier that night, causing his judgment to be impaired.

18. When Defendant Police Officers stopped Plaintiff and his friends, Defendant Police Officers asked Complaining Witness to identify who had robbed him of his personal property.

19. Out of the approximately twenty (20) people Defendant Police Officers had stopped, Complaining Witness, whose observations were compromised from consuming alcohol earlier that night, identified Plaintiff and an unknown Hispanic male as the suspected perpetrators.

20. Next, Defendant P.O. Ackermann arrested Plaintiff and the unknown Hispanic male. Defendant Officers relied solely upon Complaining Witness's obviously-impaired observations to arrest Plaintiff.

21. Next, Defendant Officers transported Plaintiff and the unknown Hispanic male to the NYPD 44th Precinct.

22. While at the 44th Precinct, Defendant Officers failed to conduct a proper lineup. Rather, Defendants relied solely upon Complaining Witness's impaired judgment to falsely arrest and detain Plaintiff, but not ultimately the unknown Hispanic male.

23. Plaintiff was arraigned in the Bronx Supreme Court, Criminal Division, under Docket No. 2012BX018033, on the basis of an accusatory instrument signed by Defendant P.O. Ackermann. This instrument contained false allegations, including that "[Plaintiff] struck informant about the right side of his face with closed fist . . . ." The accusatory instrument charged Plaintiff with several misdemeanors and felonies.[1]

24. As a result of Defendants Police Officers' failure to conduct a proper lineup, Plaintiff was unjustly kept in custody and deprived of his liberty for approximately 150 (one hundred and fifty) days at Rikers Island Correctional Facility.

25. On or about August 27, 2012, Plaintiff was released only after he was able to post bail.

---

[1] Plaintiff was charged with N.Y.P.L. 160.10(1) Robbery in the Second Degree; N.Y.P.L. 160.10(2)(a) Robbery in the Second Degree; N.Y.P.L. 160.05 Robbery in the Third Degree; N.Y.P.L. 120.05(6) Assault in the Second Degree; N.Y.P.L. 155.30(5) Grand Larceny in the Fourth Degree; N.Y.P.L. 120.00(1) Assault in the Third Degree; N.Y.P.L. 155.25 Petit Larceny; and N.Y.P.L. 240.26 Harassment in the Second Degree.

26. As a result of Defendants' violations of Plaintiff's civil rights, Plaintiff was required to defend himself against the false and baseless charges manufactured, initiated, and pursued by Defendants for approximately two (2) years.

27. On May 29, 2014, all charges related to this incident were dismissed in favor of Plaintiff.

28. To date, Plaintiff continues to suffer from unlawful harassment by NYPD officers.

29. Plaintiff is regularly stopped and questioned by NYPD officers, with no probable cause whatsoever, while he is simply out walking with his children.

30. Plaintiff suffers significant embarrassment and frustration due to these actions by NYPD officers, which violate the rights of Plaintiff and his children under the Constitution and laws of the United States and the State of New York.

31. As a result of the aforementioned violations of his civil rights, Plaintiff Nelson was subjected to the humiliation of being arrested, led away in full public view in front of his family and peers, suffered detention and confinement for approximately 150 (one hundred and fifty) days, was required to defend himself against false and baseless charges, and faced the stigma of being prosecuted with a felony, all of which resulted in damage to his esteem and reputation within his community.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

32. Plaintiff Orane Nelson repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

6

33. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

34. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies all under the supervision of ranking officers of said departments.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

38. By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

39. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

40. By the actions described herein, Defendants intentionally caused and

allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

41. Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

42. As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

43. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

44. Plaintiff Orane Nelson repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

46. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

47. Defendant officers acted with malice and intent to do harm to Plaintiff without excuse or justification.

8

48. As a result of his false arrest, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

### THIRD CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

49. Plaintiff Orane Nelson repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

50. Defendants initiated, commenced and continued a prosecution against Plaintiff Orane Nelson, in the absence of probable cause and with actual malice, by providing false and/or misleading information to the prosecutor that resulted in criminal charges against him.

51. Plaintiff Nelson was caused to appear in Court on numerous occasions to defend the baseless criminal charges against him until they were terminated entirely in his favor.

52. As a result of Defendants' unlawful actions, Plaintiff Nelson experienced a violation of his right to be free from malicious abuse of legal process and a corresponding deprivation of liberty.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

9

53. Plaintiff Orane Nelson repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

54. Defendants caused legal process to be issued against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed, with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

55. The criminal charges against Plaintiff were terminated in his favor.

56. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

57. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

58. Defendants acted with malice and intent to do harm to Plaintiff without excuse or justification.

59. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

## FIFTH CLAIM FOR RELIEF: EQUAL PROTECTION UNDER 42 U.S.C. § 1983

60. Plaintiff Orane Nelson repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

61. Defendants unlawfully singled out Plaintiff and violated his Fourth, Fifth, and Fourteenth Amendments, in part because of his race, gender and because he was exercising his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

62. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

63. As a result of Defendants' unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

### SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

64. Plaintiff Orane Nelson repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

65. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

67. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

71. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

72. Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

73. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure, arrest, and imprisonment not based upon probable cause;

   c. To be free from malicious prosecution;

   d. To be free from the infliction of emotional distress; and

   e. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         October 2, 2014

                                    Respectfully submitted,

                                    _____
                                    Kim E. Richman
                                    REESE RICHMAN LLP
                                    875 Avenue of the Americas, 18th Floor
                                    New York, NY 10001
                                    212-643-0500 (telephone)
                                    212-253-4272 (facsimile)

                                    *Attorney for Plaintiff*